Good afternoon. Illinois Appellate Court First District Court is in session. The sixth division, the Honorable Justice Sharon O. Johnson presiding case number one nine dash zero five six six people versus Albert Gaston. Good afternoon. Uh I'd like to welcome not only councils and uh other interested parties today. Uh we have a full gallery and that we also have uh several summer externs joining us today. Uh so I I welcome you all. Uh I am Justice Sharon O. Johnson presiding judge of the sixth division. I am joined by my colleagues here today. Justice Sanjay T. Taylor and Justice Raymond W. Mitchell. Each party will be given 20 minutes in which to make their argument on today with the appellant being given an opportunity to reserve time for rebuttal. So, I'd like to begin by having both councils uh state their uh names and appearances for the record beginning with the appellant's counsel. Good afternoon, your honors. Jonathan Gesting of the Office of the State Appellate Defender on behalf of Appellant Okay, thank you. And uh attorney Yesan? Yes, good afternoon. Assistant State's Attorney Andrew Yesan on behalf of the people. Okay, very well. Uh attorney Yeasing, how much time would you like to reserve for rebuttal? Uh 2 minutes, your honor. Very good. You may begin. Good afternoon, your honors and may it please the court. This case is returns to this court on behalf of Mr. Gaston. Mr.  with a quote from Mr. Addison from the Illinois Supreme Court on an issue issue of the unreasonable assistance of Mr. Gaston's post conviction counsel. The long-standing rule is that it's improper to determine the merit of a petitioner's claims when counsel essentially did nothing to shape those claims into the appropriate legal form. Addison reinforced that rule. Like a mantra over and over, Addison tells us we cannot look at the case and adequately summarizes what this record shows that Mr. Gaston's retained counsel did in this case. Now, the briefing raises a very specific errors about what he did but there's no amended petition that's filed. There's no written response to the state's motion to dismiss that's filed. There's really no coherent argument made in open court as to any of the claims and he's making basic, he makes basic factual mistakes about what's in the record. The most important of which is he offers no answer at all regarding the state's factually false argument that two affidavits are not attached. The key affidavits from witnesses Jackson and Palmer are the core of this petition and counsel lets slide the state's argument that those affidavits are missing and that results in... Counsel, if you're correct in that point, that the affidavits it's in the record, they were attached, then do we really even need to reach any Addison issue? That's just a simple remand for factual error, send it back to the trial judge to consider, right? Well, this court could remand for new second stage proceedings based on, it could say, we can't even tell from this record whether these affidavits were there and they weren't there so we need to go back for new second stage proceedings. But what it can't do is say, okay court, even though you have a petition that was never put into a proper legal form, there's all sorts of legal failings in this petition because the way counsel fell down on the job, just evaluate the petition at second stage with these affidavits as if somebody had followed through on their 651C duties. And this is what Addison reinforces. I mean, I know you read Addison and I'm struggling with this and this isn't the only case that I have where I'm trying to understand it. So it's a legitimate, it's a real question, it's not a trick question. But you read Addison as effectively eliminating any requirement to show prejudice. I would suggest that since the language quote in Addison from 1969, there hasn't been a requirement to show prejudice. Addison finally clarified, no, we really mean it. There isn't an exception for when a 651C certificate is there, there isn't an exception for trying to recast an issue of prejudice as what counsel might have determined. They really mean, no, we don't look at the merits. But that's, that portion of the case is when you're discussing whether or not a remand is required. The first prong discussed in Addison and specifically where they distinguished the Greer case. Greer advanced to the second stage because of a timing lapse. There was never a determination of a gist. Well, doesn't the determination of a gist of a claim require an analysis of prejudice? That is to say, if you have a Strickland, arguable Strickland violation, but there's absolutely no prejudice, ontologically you could never have a Strickland claim. And I guess I'm struggling with that because the first prong that they discuss, not the remand, before you even get to the business of a remand, when you're considering whether or not to remand, you don't just, you don't, you aren't to simply say it was harmless error. But in determining whether or not counsel deviated, I just, it's so basic that we consider prejudice. Your Honor, I'll give a few responses. First is cases like Addison start with a presumption that counsel did their job. Counsel's 651C here was so deficient because he didn't mention amendment at all, so no presumptions ever created. If we didn't know what the record said, in this case we'd have to get new second stage proceedings because that presumption is never created. Beyond that, Addison I think gives the example. Addison, it was well, it was, does counsel's duty necessarily include developing or at least retaining these claims of ineffective assistance of appellate counsel, a Strickland-like claim. This was technically a due process claim. And he's raising that for things like various evidentiary errors and a purported Miranda violation. If Your Honor was right, we'd see that Addison decision going into, well, there was something to this purported Miranda violation, so counsel definitely had to include it. But it doesn't do that. Instead it says first counsel has to do their duties, shape the petition into the proper legal form, which it clarifies means the kind of way that would allow those claims to be considered. And only once counsel does that will we start to look at the merits. Because it makes no more sense to review an unamended petition than it would be to review the merit of a half-baked cake. Until counsel has done their job, the... What if the what if the pro se petition contains a claim that is just legally baseless? What to do with that? It has no merit whatsoever, in part because it doesn't, it was not prejudicial in any way. Well, counsel has a number of options. Not doing anything isn't one of those options. Counsel can see what he can make of the claim. Is there something there that can be shaped in some legally coherent form? If so, counsel has to do that. And we argue here that the affidavits that had counsel actually read them would have called out for an ineffective assistance as opposed to an actual innocence theory. If counsel can't do that, and it's the only claim left in the petition, then Greer spells out what counsel has to do. And counsel has to do that detailed notion to withdraw. And that didn't happen here. So if this court, even if this court determined that my client filed a petition that was nothing but a sovereign citizen's ink stain that nobody could make heads and tails of, and we had the same representation of second stage proceedings, we'd have to go back to second stage proceedings because the only way that counsel could withdraw lawfully didn't occur here. And it's worth noting that this isn't like a Greer situation where the petition stumbles through to second stage because of a violation of the 90-day rule. This court found that there was merit to the first claim of the petition. Now, my client's interest in pursuing that first claim of the petition, that claim about an ineffective for a lost plea bargain... Well, not merit, counsel, but a gist. A non-frivolous, not patenting without merit. That there was enough to implement. So this isn't the Greer circumstance. But a petition advances if any of the claims state a gist. So you could have claims, you could have five claims, one of which has a gist, and the other four, no gist. And yet, your reading of Addison would say the failure to pursue those no gist claims, those are problematic. Well, counsel has to do their job. They can file an amended petition that removes those claims. Counsel didn't do that here. And it's not as if this is that the key claim that we're arguing here is some sort of theoretical nonsense. If counsel was required to remove those claims in an amended petition, at least in the civil context, you know, you can't then complain on appeal that the trial court erred in finding those claims legally baseless, right? You forfeit that. There's an obligation to make a record and to preserve your claims. And so you're saying that, you know, preserve your claims for appeal. The trial judge may think his claim is legally baseless. Maybe a little bit. But you're saying that counsel has to file an amended petition withdrawing those claims. And what I'm suggesting back to you is then doesn't he set himself up for a another ineffective assistance of counsel claim by forfeiting claims that could have been raised on appeal? If counsel determines a claim is so bad as to be fripped, the recent Huff case talks about that's a pretty low bar here. But if he determines it's so bad as to be so frivolous that he can't ethically advance it, he has to file an amended petition or somehow. But let's not let's not talk about the let's not talk about the frivolous claim. Let's just talk about the legally unviable. I mean, a claim may not be a claim may not be legally viable, but it may not be frivolous either. Yeah, and I think the recent Huff decision, though it's distinguishable in a number of ways, does help draw this line that was, well, it's fine. Counsel can do their duty if they have it was an astonishingly weak Apprendi claim, but the petitioner had some theory as to why it wouldn't be procedurally defaulted, albeit a weak one, is counsel can advance something like that. And if he does, you know, and if he does, he has to put it in a legal in the right legal form. So, you know, in a case like Addison, that means all these trial court error claims, they have to be rephrased as a violation of a due process right to to the effective assistance of appellate counsel. In something like the Martha Jean case that we filed the motion to cite on, her Eighth Amendment claim had to be rephrased under a slightly different theory of a state constitutional proportionate penalty sentencing claim. So what is your contention here that post-conviction counsel was required to do? How was post-conviction counsel required to amend, reform, restate, however you want to call it, the claim? What was he required to do? Well, the language from the opinions talks about allowing the claim to be considered an adequate presentation. Now, assuming we had post-conviction counsel that actually recognized that these two notarized affidavits were attached to the petition, he at least had to answer the state's argument that falsely claimed that these affidavits were not attached to the petition. Instead, he didn't even do that. Well, there was there was a whole, you know, the record is very confusing as to what is in it, you know, as far as we can tell from reviewing the transcripts, you know, it doesn't appear that the trial judge had the affidavits before him or her because she ruled on that basis to dismiss it. But we have, you know, we have two versions of the petition, one with the affidavits, one without it. We know that the record was lost. It was found, lost again. The file was reconstructed. So, I mean, what do we do? It seems like a mess. What do we do with this? Well, I think it's quite clear that counsel ought to have had the affidavits. If he followed his duty to review the record as a whole, he would have seen that Judge Sack's initial dismissal order back when his first stage refers to these affidavits. The petition itself is referring to the affidavits. And if he's ascertaining the client's claims and he doesn't have the affidavits, you ask the client, where are these affidavits? And they would have easily been found in one of the prior appeal records if nowhere else. And if this court doesn't know what to do, I think this court's recent decision in Carson does give an answer that it's fairly convoluted circumstances and facts, and I'm sorry that I'm stepping beyond the briefing to talk about this case. I'll have to file a motion to cite it. But it came down to a question, we're not certain whether the facts were there for counsel to amend to include an answer to untimeliness of the petition. And this court determined that when we're not certain, that the remedy has to be remanded for new second stage proceedings. And it's worth looking at what this actual lost underlying claim is. There's two notarized affidavits. The key one is from the complainant's own daughter. This case was about which version of events the judge would believe that the complainant was putting out there. She testified that my client did not attempt to sexually assault her. That testimony is challenged by only a later statement to a prosecutor claiming that he attempted to sexually assault her. Her testimony is that they met up, she found out that he was cheating, she stabbed him in the face, and that led to a physical fight. The state during, well, the state, I suppose it's examining her, not cross-examining her, asked her, is only today the first time that you've admitted committing, admitted stabbing the defendant multiple times? And she says, no, I told other people before this date when it happened. One of those people is Ms. Jackson. We have the notarized affidavit for, who says that on the day after the incident, that is exactly what the complainant, her mother told her. So Mr. Easting, if we were to consider the affidavits unappealed, just for sake of argument, to Justice Mitchell's point on prejudice, the affidavits appear to be hearsay, both Jackson's affidavits as well as Ms. Palmer's affidavits, based on what RC told them. Is it proper to consider whether those, you know, that evidence would come in substantively at this point? No, it wouldn't. That would be a merits evaluation that attorneys would foreclose. It would be application of the rules of evidence to post-conviction proceedings that the recent decision of Peter McGurfin would foreclose, and it's not hearsay anyway. Jackson, for example, talks about how when her mother got home that day, she saw the physical indications of the fight. She smelled the gasoline that her mother had used to burn my client's car. That's not hearsay. If it were hearsay, it would fall into an exception when the state opened the door wide onto this question of, by asking the complainant, is today the first time that you've admitted committing this crime of stabbing? No, no it was not. She admitted it the day after the event to Jackson, and it would come in, and even if it doesn't come in as an excited utterance, it would come in to help referee which of her accounts of events, the one she testified to, or the one she told the prosecutor would be treated as the truth. I would point the court back to my predecessor counsel's initial petition for a hearing on that point, which addresses how the rules of evidence apply in this particular context in some detail, and goes through the different ways that this could have come in at trial. But Addison says, we don't look at whether it could come in at trial. That's a merits evaluation. That would be a detailed question about the prejudice of a hypothetical future ineffective assistance of counsel claim. The question here is, did counsel do his duty to shape those claims? Does the record establish... Let me ask you one more question, Mr. Yustin. I want to ask you if I'm understanding the argument, and you have to bear with me, it's a little mind-numbing, and that's not... I don't intend to discredit anybody here, but if I'm understanding the argument, it's that counsel was obligated to reshape the actual innocence claim into a claim for ineffective assistance of post conviction counsel... Well, listen to me. Ineffective assistance of post conviction counsel for not arguing ineffective assistance of appellate counsel for not arguing ineffective assistance of trial counsel for not calling Palmer and Jackson to testify. Is that the argument? Our claim here is that post conviction counsel should have reframed that actual innocence claim as an ineffective assistance of trial counsel claim. And this is something that happens often that... We don't worry about the appellate counsel. There isn't an ineffective assistance of appellate counsel claim on that issue. We have a separate claim that was in the initial briefing, and I suppose it needs to be re-resolved by this court that an evidentiary hearing was warranted on a separate ineffective assistance of direct appeal counsel claim. But our argument here is that counsel... The record does not establish that counsel shaped these claims into the proper legal form because the form that the affidavits called out with was a form of an ineffective assistance of trial counsel claim. Effectively, you believe that the prejudice requirement in Strickland, the threshold showing to be able to make out a Strickland violation, that's effectively been eliminated by Addison. I would suggest, Justice Mitchell, that the Strickland prejudice rule never apply to the state statutory and Supreme Court rule basis for representation of counsel. It's just a completely different legal framework. Okay, counsel. You have reserved two minutes for rebuttal. Unless my colleagues have additional questions for you at this time, I'd like to turn it over to the appellee. Thank you, Your Honor. I'd ask that you reverse the disposition from Manfred's second stage proceedings. Okay, thank you. You may proceed, counsel. Thank you. Good afternoon, Justices. This case is before this court to determine what effect the Supreme Court's decision in Addison has on the issue of whether post-conviction counsel was unreasonable in failing to create a new claim of ineffective assistance of counsel for petitioner. People's position is that it had no effect because post-conviction counsel did not have a duty to create a new claim for petitioner. The Supreme Court's decision in Addison was that where post-conviction counsel is found, not alleged, but found to be unreasonable, the case will be set back for further second stage proceedings regardless of whether the underlying claim has merit. So in order to determine what effect Addison has on this case, this court must determine whether post-conviction counsel acted unreasonably. So in order to make that decision, the first question is does post-conviction counsel have a duty to create a new claim for petitioner? Petitioner insists on referring to this as a reshaping of an existing claim, but it isn't. This is an entirely different claim than the actual innocence claim petitioner first advanced. And this isn't like Addison where the failure to add a claim of ineffective assistance of appellate counsel resulted in a procedural bar to the petitioner's underlying claims. This is an entirely separate and distinct claim that petitioner suggests his counsel had a duty to create for him. Petitioner claimed in his pro se petition that he was actually innocent based on the newly discovered evidence from Jackson and Palmer. Newly discovered evidence is evidence that could not have been previously discovered through due diligence. Now he's saying that his post-conviction attorney should have taken what he said was newly discovered evidence of his wrongful conviction, abandoned that claim, and instead should have created a new claim that his trial counsel was ineffective for failing to locate those witnesses and present them at his trial. But petitioner points to no position. None of the cases petitioner cites to Johnson, Schlosser, Agee, or Jean support his position that post-conviction counsel will be found to be unreasonable for failing to add a completely separate legal theory based on information contained in the petitioner's petition. Johnson dealt with an allegation of unreasonable assistance based on his attorney's failure to include evidentiary support for claims contained in the petition. It said nothing about counsel's duty to add new constitutional claims not Schlosser. Let me ask you, Mr. Yasin. Rule 651 seems to contemplate that a petitioner is not versed in the law and while the petitioner may have the factual allegations, he may not know how best to frame it legally and isn't that where the lawyer's reasonable assistance comes into play? So in other words, if the actual innocence claims doesn't have legs, based on the same facts, it doesn't require much of a stretch to say, this can be converted into an ineffective assistance claim based on these facts. Why isn't that reasonable assistance in your case? If post-conviction counsel had included a claim of ineffective assistance of counsel here, it would have undercut the actual innocence argument that the witnesses were newly discovered. The petitioner specifically wrote in his pro se petition that Erika Palmer's and Monteria Jackson's affidavits, this is a quote, Erika Palmer's and Monteria Jackson's affidavits were unavailable at trial because they were, at that time, unknown to counsel. Even with due diligence, trial counsel could not have obtained these affidavits because there's no indication that they were willing to testify during petitioner's trial, end quote. So it's disingenuous for him to now suggest that his counsel should have included that argument that is the complete opposite of what he wrote in his pro se petition. And even if he had done that, he would have either had to abandon the actual innocence claim or included an argument that undercut it. And then we would have been right back here again with an allegation of unreasonable assistance. Counsel, he could have presented it as an alternative argument. Isn't that correct? He could have, but it's still our argument is that that would have undercut his actual innocence claim. Because if he's saying that those witnesses were newly discovered and couldn't have been found as proof of actual innocence in that they were newly discovered, how can he then, in a different breath, say, well, my counsel should have found them because, and he was ineffective for not doing so. So because post-conviction counsel didn't have a duty to look at petitioner's petition and create a brand new claim of constitutional deprivation for him, where his only claim was that he was actually innocent of the crime he was accused of, he can't show that his counsel acted unreasonably. And therefore, Edison has no effect on this case. I hate to interrupt. I have a more 30,000 feet. I'm struggling to understand Edison. In making the initial determination, the first part, was post-conviction counsel unreasonable in doing X or not doing Y, whatever that might be. If X or Y, in order to make such a claim, has a prejudice requirement, does the discussion in Edison about whether or not a remand is required and we're not to consider the merits of the underlying claim, how do you reconcile? So our position is that if the underlying claim itself has no merit, that does need to be considered. Prejudice does need to be considered in order to get the answer  unreasonable? In order to determine whether he's reasonable or not. So your counsel now, or defendants now, petitioners now saying he should have included this claim. Well, how can you say he's unreasonable for not including that claim? If a pro se petitioner claims that he's entitled to presidential immunity and yet he's never been president, how could that ever be a viable claim? Exactly. That is what the state is arguing. This underlying claim of ineffective assistance of counsel was actually a meritless claim. And he doesn't have, not only does he have no duty to add new claims, he certainly doesn't have any duty to add meritless claims. And of course, Edison had the additional overlay is that the amendment that counsel actually made made the petition worse, right? It actually there were ineffective assistance of appellate claims and counsel removed those and then thus actually created or invited or caused that procedural hurdle. He may think counsel made things worse. So it's a kind of a unique case. That is also correct. Applying Edison here though, when we're considering whether the claim had merit or not, the petitioner is trying to avoid any discussion of prejudice. But that's presuming counsel was unreasonable. What Edison said was, counsel is unreasonable, don't consider prejudice. It doesn't address the, what we have here, which is we need to determine whether counsel was unreasonable. And the only way we can do that is to address what the underlying claim was. Or another way of saying it, in Edison there was obvious prejudice. Counsel made the claim worse. Yes. They didn't not discuss prejudice. They discussed prejudice, they said a couple times. He made it worse. That's exactly correct. So petitioner argued in his opening supplemental brief that this court's decision that his attorney did not render unreasonable assistance prematurely resolved an unpresented ineffective assistance claim against him. He ignores the fact that in his initial opening brief, he addressed that very issue. He argued that his trial counsel was ineffective because his representation fell below an objective standard of reasonableness and that absent his counsel's performance, the outcome of the trial would have been different. He acknowledged in his opening brief that consideration of the ineffective assistance claim was necessary to determine whether post-conviction counsel was unreasonable. And in this case, post-conviction counsel cannot have been unreasonable for failing to advance a claim of ineffective assistance of counsel if the claim itself was meritless. Although Edison says that the merits of the underlying claim can't be considered if post-conviction counsel is found to be unreasonable, it doesn't say that it can't be considered in order to determine whether counsel acted unreasonably. So let me ask you, is it your position that, I don't know how much civil experience you have, but in a civil context, the factual sufficiency of claims are often tested by a section 216 motion to dismiss that even if, which basically asks the question, if everything you allege is true, do you win? And if the answer is no, then your complaint is factually insufficient. So are you saying that here the analogy is that second stage, the allegations in the petition are taken as true, and if the petitioner proves every one of those allegations, then he wins. But if he doesn't win, then it's proper for the court to dismiss it. I don't know if I'm going that far in saying that. What we're saying is that in order to address the unreasonable assistance claim, that in order to determine whether counsel was unreasonable, that's why it's necessary for us to look at the merits of it. Even before that, our argument first is that the counsel has no duty to add claims, period. But then, in addition to that, he certainly doesn't have a duty to add a merit to this claim. So in order to determine whether or not counsel was unreasonable, it is necessary to look at the merits of the ineffective assistance claim. When you say look at the merits, when I think about the merits, I don't think about allegations. I think about evidence. So we're not looking at the evidence. We're not hearing evidence at the second stage. We reserve that for the third stage. At the second stage, what we're basically asking ourselves is, are we wasting our time by going to an evidentiary hearing? Because if everything you've alleged is true and you still lose, then what's the point of having a hearing? Agreed. That is our position as well, that even if he were to have advanced this claim of ineffective assistance of counsel, he'd be in the exact same position because there was nothing to it. There was no reason for him to advance a claim of ineffective assistance of counsel. He can't show that his attorney knew of these witnesses or that he would have talked to them or, as he alleges in his reply brief, that a reasonable attorney would have interviewed the victim and asked who she talked to and figured out if these witnesses existed. That's just pure speculation and supposition. It's not tied to anything that's in the record. And as previously mentioned, that argument directly contradicts what he said in his pro se petition, that the witnesses couldn't have been discovered. And then getting to that prejudice prong under Strickland, he's certainly not prejudiced by his attorney's failure to call either witness because, as I stated in my brief, that everything that they stated in their affidavits was hearsay. Neither of them were present for the actual incident and everything they knew they learned from what the victim told them. But shouldn't that be determined at the third stage? Why should we be determining these issues now? Only because they're guised under the allegation of unreasonable assistance. We can't get to whether counsel was unreasonable without discussing these prongs. I would agree with you under circumstances where that was the only thing that we were, that only thing that was alleged and somehow that was not properly addressed below. But what the allegation here, this was never addressed because this is something that was brand new on appeal. On appeal, they said, my counsel was unreasonable for not looking at this and taking an actual innocence claim and so what is that something else? That something else is ineffective assistance of counsel. Why does he have to turn it into an effective assistance of counsel? There's nothing to an ineffective assistance of counsel. He might as well have said he should have made a proportionate penalties claim or something completely unrelated. There is nothing to it and that's why it's relevant now to discuss those prongs of Strickland to see, was he unreasonable in not including this? And the answer is no because his counsel couldn't have known that those witnesses existed and if he did, that would have undercut what he said about the newly discovered evidence of his actual innocence claim. But further than that, he's not prejudiced by his counsel's failure to call these witnesses because everything that they had to say was hearsay and regarding the claim that their, what their affidavits said was that she was planning to lie to the police. That's what a petitioner argues in his brief. That's not true. According to Jackson's affidavit, the victim told her the night of the incident that petitioner beat her up and she stabbed him and burned his car. The victim also told her that she's going to fix, quote unquote, fix petitioner because he cheated on her and that she was going to get him locked up. And then at some point after petitioner was arrested, the victim allegedly said that she lied out of anger. The victim gave her statement to the police, her handwritten statement to the prosecutors on November 25th, 2011 and that was the same day the defendant was arrested. So all this petition says is that sometime after she gave that statement, then she went and told her friend that she lied about it. And according to Palmer's affidavit, that was her daughter. According to Palmer's affidavit, she talked to the victim over the phone on the night of the incident and the victim told her that she stabbed petitioner and they had been fighting. And she also claimed that the victim allegedly said she was going to tell the police that petitioner tried to rape her because she was tired of his BS and that it was the last time trying to play her for another woman. She then stated that it was her personal belief that victim lied about the petitioner attempting to rape her. Not that the victim actually said that she lied about it. That was her personal belief. So none of that would have come out at trial and none of it would have been admissible. None of what they said would have been admissible and therefore there is no prejudice to the petitioner. He cannot show prejudice. Because he can't show his attorney was deficient or that he was prejudiced, it wasn't unreasonable for his counsel to not add a claim of ineffective assistance of counsel. Regarding the petitioner's other claim that Urzua has an effect, he's asking this court to consider the effect of Urzua on his counsel's unreasonableness. In Urzua, post-conviction counsel didn't amend an unnotarized statement from a witness into an affidavit and mistakenly said that having that statement notarized was not necessary because it was a factual  hearing. And the Supreme Court held that counsel was unreasonable for failing to properly present the statement as an affidavit so it properly could be considered by the post-conviction court. But here petitioner is arguing that his counsel was unreasonable in the same way because he didn't ensure that the affidavits of Jackson and Palmer were attached to the petition. But there is no evidence that they were not attached to the petition given that they appear in the appellate record as attachments to the petition. It is true that the people argued that the affidavits weren't attached in the motion to dismiss. But that's only evidence that the copy that the people had didn't have the affidavits attached. And while the post-conviction court ultimately used the absence of the affidavits to make its ruling because the affidavits appear in the record on appeal, the logical conclusion is that the post-conviction court simply overlooked them. The affidavits are both dated June 16th of 2014. So this isn't a case where the affidavits were obtained after the post-conviction court issued its ruling. Petitioner points to nothing that his post-conviction counsel said or did that would indicate he thought the affidavits were missing from the motion. And so therefore it wasn't unreasonable for him to decline to address that portion of the people's argument because the affidavits would have spoken for themselves. And so for all those reasons, the people are asking that this court find that the Supreme Court's decisions in both Addison and Urzua have no effect on this court's previous decision finding that petitioner had not rebutted the presumption of unreasonable I'm sorry, of reasonable assistance of post-conviction counsel. Thank you. Any additional questions from the panel? No. Thank you very much. Attorney Eusting, you reserve two minutes for rebuttal. You may begin. You're muted. I apologize, Your Honor. I do need to note that Ms. Jackson was disclosed as a defense witness in discovery on an answer to discovery that's on page 72 of the common law record. Yes, Ms. Jackson was known to defense counsel. That's one of the reasons why I'm asking that question.  is because I think that effectiveness claims the natural way to get her affidavit and her testimony into trial and not through my client's mistaken belief of that it would be an actual instance claim. And opposing counsel read out what my client's purported argument on the newness plank is. And I think that shows that my client had a facially invalid theory of newness so that counsel, if he was going to advance the petition, if he was going to argue the petition and not remove those claims, needed to do something. Our suggestion for that something is there should have been an ineffective assistance claim. But doing nothing isn't enough. And doing nothing isn't especially not enough when counsel isn't even attesting in the 651C certificate that no amendment was necessary. Because no presumption is ever created, because counsel does nothing on this record of any merit, it has to go back. It's the state that had the burden to show how strong counsel's representation was here. They haven't met that burden. Your Honors, I'd also point out, onto the merits, I can only do what the Illinois Supreme Court says the law is. And it says, it's set up for 50 years and repeated again in Addison that it's improper to determine the merit of claims where counsel essentially did nothing to shape the claims into the appropriate legal form. We can imagine what some other attorney might have done. But there's no indication that counsel did any of these things. And Addison itself, in considering the unreasonableness of counsel, the Supreme Court did consider prejudice. They said counsel made the petition worse. So the idea that any consideration of prejudice is eliminated is not correct. If counsel was unreasonable, you have to remand it. You can't say it was merely harmless error. But in determining whether or not counsel was unreasonable, if a prejudice analysis is required, it remains. Well, Your Honor, I have two quick responses. First, Addison didn't hinge on its rhetoric about making it worse. Just before that comment, in paragraph 25 of the decision, it says we cannot hold that post-conviction counsel provided reasonable assistance where she identified several claims that she believed were worth pursuing but did not make the necessary amendments to put those claims in the proper form. And then as an exclamation point, it goes on to say worse than that. And second, Your Honor, Mr. Gaston's post-conviction counsel did make this worse. He allowed it to go away with nobody realizing those affidavits are attached. And had this just gone forward on the same pro se petition where everybody saw the affidavits there, there might have been a different result. But instead, we don't know exactly how it happened, but he seemed to miss that these affidavits were there whatsoever, which is why the state's speculations to what he might or might not have done is just fiction, where there's no presumption created of his reasonable assistance. I'd ask this court to remand for new second stage proceedings. Thank you, Your Honors. Any additional questions from the panel? Okay. Thank you very much. Both counsels did an excellent job with presenting their arguments and you've given us a lot to consider on this somewhat novel issue and we will issue our opinion as soon as it is available. I thank you all for your participation. Be well. Thank you.